UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA.

    Plaintiff,                                      Case No. 18-cr-20133

v.                                                  Honorable Thomas L. Ludington
                                                      Magistrate Judge Patricia T. Morris

BRANDON PUTMAN

    Defendant.
_____/

## ORDER DENYING MOTION FOR RECONSIDERATION AS MOOT AND GRANTING MOTIONS IN LIMINE IN PART

On September 11, 2018, the Court entered an order taking the motion for joinder and the motions in limine under advisement, denying the motion for return of property without prejudice, directing the government to respond to Brandon Putman's motion in limine, directing the government to file an affidavit in support of its response to the motion in limine, and directing Brandon Putman to file a written waiver of his *Bruton* objection (to a statement concerning "tinkering") as a condition of joining the cases. The motion for joinder is now moot, as the parties have filed a stipulated dismissal of the indictment against William Putman, II.

On September 17, 2018, the government requested reconsideration of a portion of the Court's September 11 order in which the Court stated that there is no apparent predicate for the admission against Brandon Putman of two statements[1] made by William Putman. ECF No. 47. The government asks the court to admit the agent's testimony regarding the statements at Brandon Putman's trial. The government argues that the statements are admissible under Rule

---

[1] These two statements are distinct from the statement concerning "tinkering" discussed above, which Brandon Putman has waived his objection to. William Putman allegedly told an ATF agent 1) that he doesn't know where Brandon would have gotten the money for the DIAS because all expenses had to be approved by the family, and 2) that Brandon wanted the DIAS to start a family business.

801(d)(2)(D)'s hearsay exclusion for statements "made by the party's agent or employee on a matter within the scope of that relationship and while it existed." Because the Court did not rule on the admissibility of the statements, there is no admissibility determination to reconsider. Rather, the Court declined to require Brandon Putman to waive his *Bruton* objection to the statements as a condition of joinder, an issue which is now moot due to the dismissal of the indictment against William Putman.

With respect to the motion in limine concerning the three silencers registered to William Putman, the Court noted that those silencers have minimal relevance absent a connection between those silencers and the AR-15 he is charged with possessing. The government furnished an affidavit of ATF Agent Stephen Ross which stated that William Putman has three silencers registered to him: a .30 caliber, a .308 caliber, and a .22 caliber. Aff. ¶ 24, ECF No. 49-2. Agent Ross opined that, "[b]ased on the NFRTR description of the silencers" and his "consultation with the Firearms Technology Branch experts, it is possible that the .30 caliber and the .308 caliber silencers . . . could be attached to the AR-15 seized on February 15, 2018." *Id.* ¶ 25. Defendants disagree. Agent Ross stated in the affidavit that he "can arrange to have that possibility tested if William Putman, II, would agree to make the silencers available to ATF for that purpose." *Id.*

The government argues that, because the silencers could be used to conceal machine gun fire, they are therefore relevant to Brandon's knowledge that the items he is charged with possessing were machine guns. Notably, the silencers were not found with the AR-15, let alone attached to the AR-15. Moreover, the Agent furnished no testimony that the silencers are only compatible with an AR-15. Rather, the Agent testified only that it was possible that the silencers could fit the weapon. There is simply no evidence that the particular silencers at issue, or any silencers, were ever used in conjunction with the seized AR-15. Brandon Putman is also not

charged with possessing the AR-15, but with possessing auto-sears which allegedly are compatible with the AR-15, creating yet another inferential gap between Brandon Putman and the silencers. The mere fact that the silencers exist and are registered in William Putman's name, without more, is factually disconnected to Brandon Putman's charged conduct. Accordingly, the foundation for their admission is inadequate on these facts, and they will be excluded. With respect to the silencers registered to Ephesians 610 Armor LLC, the government has indicated that it has no intention of introducing them in its case in chief. As noted previously, it is premature to speculate on their admissibility for impeachment or other purpose. Objections to their use for those purposes must wait until trial.

Accordingly, it is **ORDERED** that the motion for reconsideration, ECF No. 47 (case no. 18-cr-20133), is **DENIED** as moot.

It is further **ORDERED** that the motion in limine, ECF No. 27, is **GRANTED** in part and **DENIED** in part, as set forth above.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: October 30, 2018

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 30, 2018.

s/Kelly Winslow
KELLY WINSLOW, Case Manager