UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                                 Case No. 18-cr-20133

v.                                               Honorable Thomas L. Ludington

BRANDON PUTMAN,

        Defendant.
_____/

**ORDER DENYING GOVERNMENT'S MOTION IN LIMINE, DIRECTING DEFENDANT TO FILE A RULE 12.3 DISCLOSURE, DIRECTING THE GOVERNMENT TO RESPOND TO DEFENDANT'S MOTION FOR RECONSIDERATION, AND SETTING DATES**

The government has moved in limine to exclude Defendant's entrapment-by-estoppel defense. On May 20, 2019, the Court entered an order directing the Defendant to file a surreply to new arguments made by the government in its reply brief. ECF No. 75. A full factual and procedural summary can be found in that order. (ECF No. 75).

**I.**

A motion in limine is "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013). A motion in limine is not, however, "a proper procedural device[] for the wholesale disposition of theories or defenses." *Id.* Although the government's motion purports to seek the exclusion of "evidence," it scarcely identifies any pieces of "evidence" that are potentially excludable.

In fact, the motion seeks to preclude Defendant from raising any defense that would "suggest to the jury that Brandon Putman was acting lawfully with regards to the auto sear . . ." The government has the burden to prove that Defendant acted knowingly. This burden would not

be particularly meaningful if the Defendant was precluded from contesting the knowledge requirement. Generally speaking, evidentiary rules cannot be applied so as to prevent a defendant from presenting his defense. *Chambers v. Mississippi*, 410 U.S. 284 (1972).

In its reply brief, the government focused exclusively on the "entrapment-by estoppel" defense, suggesting that it no longer maintains that Defendant ought to be precluded from challenging his criminal intent. ECF No. 71. The government contends that Defendant has waived his entrapment-by-estoppel defense under Federal Rule of Criminal Procedure 12.3 because Defendant has not filed and served a notice of his intent to assert the defense. Although Rule 12.3 is not expressly applicable to an entrapment-by-estoppel defense, the Sixth Circuit has extended the rule to that defense. *United States v. Theunick*, 651 F.3d 578, 590 (6th Cir. 2011). The rule requires a defendant to file and serve a notice containing: a) the law enforcement agency or federal intelligence agency involved; b) the agency member on whose behalf[1] the defendant claims to have acted; and c) the time during which the defendant claims to have acted with public authority.

Notably, the rule requires the defendant to file the notice "within the time provided for filing a pretrial motion." As explained previously, although the court's initial scheduling order set a motion deadline, the parties' most recent stipulated extension omitted the motion deadline. ECF No. 62. Because the original scheduling order set a motion deadline 1-week prior to the plea cutoff, the government's motion in limine is itself arguably untimely. Nevertheless, the Court permitted the filing, and will permit Defendant to file a notice compliant with Rule 12.3.

---

[1] The language of the rule here is not directly applicable, as Defendant does not contend he was acting "on behalf" of a public official. The Sixth Circuit has interpret this to require a defendant to disclose the name of the agent or official whose representation the defendant allegedly relied upon. *Id.*

The government also argues that the defense of entrapment by estoppel is legally insufficient. The government contends that Defendant has only argued that he was led to believe he was "covered" by Ephesians 610 LLC's FFL.[2] The government argues that even if he attained responsibility party status attendant to the FLL, neither Brandon nor any other family member could lawfully possess the auto-sear because it was unregistered and did not bear a serial number. In his surreply, Defendant makes the remarkable assertions that 1) "the ATF inspector told the entire Putman family that they could lawfully possess machine guns, Mr. Putman's fingerprints and photographs were on file with ATF, and auto sears are by definition 'machine guns'", and 2) "based on the ATF inspector's advice that Mr. Putman could operate under the [Ephesians] FFL and Class 3 tax stamp, Mr. Putman reasonably believed that he could legally possess the auto sear." Surreply at 5, ECF No. 76, PageID.685.

Even if Defendant could establish that he was erroneously led to believe that he was a responsible party attendant to the Ephesians 610 LLC FFL and SOT, it remains unclear why he believes that would constitute a defense to any of the three counts charged in the third superseding indictment. Perhaps the alleged statements by the unknown ATF agent might have some theoretical relevance to Count 2, which charges that Brandon Putman knowingly possessed a firearm not registered to him in the National Firearms Registration and Transfer Record. If the DIAS was registered to Ephesians 610 LLC, and not to Brandon Putman, it would seem potentially relevant that Brandon was led to believe he was entitled to operate under Ephesians 610 LLC's FFL and SOT. However, the Defendant has never contended that the DIAS was properly registered to Ephesians 610 LLC, or to anyone for that matter, in the National Firearms Registry.

---

[2] Which the Court understands to be the assertion that Brandon Putman had obtained "responsible party" status under the FFL.

Moreover, even if the DIAS was registered to Ephesians, *and* Defendant was entitled to market or sell firearms utilizing Ephesians 610 LLC's FFL and SOT (based on the ATF agent's statement), it is entirely unclear why Defendant believes that would undermine the allegations in Counts 1 and 3 of the superseding indictment which charge that the DIAS in question was made in violation of law and did not bear a serial number. That is, even if the ATF agent stated that any/all Putman family members were entitled to possess "machine guns" generally, that would not appear to justify the possession of *this* particular DIAS if it was 1) made in violation of law, 2) missing a serial number, and 3) not registered to anyone in the National Firearms Registry.

Defendant's unexplained suggestion is that the ATF agent's statement somehow granted the Putman family members *carte blanche* to possess any machine gun without regard to its registration status, without regard to the presence of a serial number, and without regard to how it was manufactured or obtained. Defendant has not contended that the ATF agent expressly made such a broad sweeping statement, nor does Defendant explain why he was justified in interpreting the ATF agent's statement the way he did.

Nevertheless, it is still premature to preclude the defense. In the case relied upon by the government, *U.S. v. Theunick*, the Sixth Circuit affirmed the district court's decision to *deny the defendant's jury instruction on entrapment by estoppel. United States v. Theunick*, 651 F.3d 578, 590 (6th Cir. 2011). The district court determined that Garnett's *testimony at trial* failed to establish a factual basis to support the defense as he only testified that an unnamed agent had told him his conduct was lawful:

> The testimony was first fairly vague and non-specific. Secondly, the nature and scope of the official's duties and position remains unexplained. Third, the statements allegedly made by the official remain fairly vague and unlikely to establish the kind of predicate factually that is ordinarily required to justify the giving of this instruction. Finally, and probably most importantly, all of these things are merely the defendant relating what he heard.... unsupported by any

> documentation, unsupported by any testimony from any Government agent, unsupported by any data sheets, physical evidence or the like.

*Id.* The court did not, however, grant a motion in limine prior to the trial precluding the defendant from raising the defense in the first place. To the contrary, he was permitted to raise the defense at trial, after which the court concluded that he had not met his burden to establish the factual basis for the defense. Therefore, the court excluded the defense from the jury instructions.

Accordingly, the government's motion in limine will be denied. If Defendant files a disclosure complaint with rule 12.3 (which has not yet occurred)[3] and testifies at trial regarding his entrapment-by-estoppel defense, the government may renew its objection in the context of proposed jury instructions. The Court will address whether the Defendant has offered evidence to support the defense of entrapment by estoppel.

**II**.

On June 3, 2019, Defendant filed a motion for reconsideration or, in the alternative, for an interlocutory appeal of the Court's order denying his motion for specific performance. ECF No. 77. The government will be directed to respond to the motion.

**III**.

Accordingly, it is **ORDERED** that the government's motion in limine, ECF No. 63, is **DENIED**.

It is further **ORDERED** that Defendant may file a notice of intent to offer a defense of entrapment-by-estoppel under Federal Rule of Criminal Procedure 12.3 no later than **Friday, June 14, 2019.**

---

[3] Although Defendant argues that he has previously provided the government notice of the defense in an informal setting, rule 12.3 requires a formal notice specifying the name of the agency, the name of the agent, and the time period in question. Fed. R. Crim. P. 12.3(a)(2). He must also file the notice on the docket. *Id.* at 12.3(a)(1).

It is further **ORDERED** that the Government is **DIRECTED** to file a response to Defendant's motion for reconsideration, ECF No. 77, by **Friday, June 14, 2019**.

It is further **ORDERED** that the dates in this matter are rescheduled as follows:

Final Pretrial Conference: **June 17, 2019 at 1:00 PM**;

Jury Trial: **June 25, 2019 at 8:30 AM**.


Dated: June 5, 2019                                         s/Thomas L. Ludington
                                                            THOMAS L. LUDINGTON
                                                            United States District Judge