UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                         Case No. 18-cr-20133

v                                                    Honorable Thomas L. Ludington

BRANDON PUTMAN,

        Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION**

On May 20, 2019, the Court entered an order denying Defendant's "motion for an order requiring the government's specific performance with the terms of a January 22, 2019 pretrial diversion agreement." ECF No. 75. A full factual and procedural summary can be found in that order. On June 3, 2019, Defendant moved for reconsideration of that order or, in the alternative, for certification of the order for an interlocutory appeal. ECF No. 77. The government responded on June 14, 2019. ECF No. 81. For the reasons stated below, the motions will be denied.

**I.**

**A.**

Pursuant to Eastern District of Michigan Local Rule 7.1(h), a party can file a motion for reconsideration of a previous order but must do so within fourteen days. A motion for reconsideration will be granted if the moving party shows: "(1) a palpable defect, (2) the defect misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case." *Michigan Dept. of Treasury v. Michalec*, 181 F. Supp. 2d 731, 733-34 (E.D. Mich. 2002) (quoting E.D. Mich. LR 7.1(g)(3)). A "palpable defect" is "obvious, clear, unmistakable, manifest, or plain." *Id.* at 734 (citing *Marketing Displays, Inc. v. Traffix Devices,*

*Inc.*, 971 F. Supp. 2d 262, 278 (E.D. Mich. 1997). "[T]he Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3). *See also Bowens v. Terris*, 2015 WL 3441531, at *1 (E.D. Mich. May 28, 2015).

**B.**

Defendant asserts that the Court's palpable defect was that the Court *"sua sponte* presume[ed] that the diversion agreement is unenforceable unless Defendant shows otherwise," and in so doing the Court contravened the "bedrock principle of America contract law that parties are free to contract as they see, and the courts are to enforce the agreement as written absent some highly unusual circumstance such as contract in violation of law or public policy."

Despite the misleading title of his initial motion ("motion for an order requiring the government's specific performance with the terms of a January 22, 2019 *pretrial diversion agreement*"), and the fact the he now (on reconsideration) refers to the agreement as a "diversion agreement," Defendant has never contended that he has a "pretrial-diversion agreement." He never signed an agreement waiving his rights to a speedy trial and waiving his right to presentment of his case within the statute of limitations.[1] Nor has he ever contended he had a plea agreement and waived his right to a jury trial and to be presumed innocent until proven guilty beyond a reasonable doubt. Rather, to use his own colloquialism, what he had was a "polygraph-for-pretrial diversion agreement." Defendant acknowledges that there is "no specific case law on enforceability of agreements like the one at bar." There is, however, well-developed caselaw addressing the very

---

[1] Both of which the DOJ requires as a condition of a defendant's participation in a PTD program. *See* https://www.justice.gov/jm/criminal-resource-manual-712-pretrial-diversion

limited circumstances in which civil contract law has any application to plea negotiations. As explained in the previous order, this is not one of those circumstances.

**II.**

Defendant asks, in the alternative, for certification of the order for an interlocutory appeal based on 28 U.S.C. 1292(b), a provision which by its express terms applies only to civil actions. Notwithstanding that fact, he contends that "cases have applied this Section to interlocutory matters in criminal cases where the issues were essentially civil in nature." *See, e.g. United States v. Beach*, 113 F.3d 188, 189 n.3 (11th Cir. 1997) (allowing for a Section 1292(b) appeal related to the seized property aspects of the defendant's criminal case)." He contends that "a claim for specific performance of a contract is essentially civil in nature." The fact that Defendant used the words "specific performance" in the title of his motion does not transform plea negotiations in a criminal case into a dispute that is "essentially civil in nature."

Defendant asks the Court to compel the government to permit him to participate in a pre-trial diversion program based on an email communication with the United States Attorney's office. He identifies no precedent for such a dispute being certified for an interlocutory appeal under 1292(b). Existing precedent cuts the opposite way. *Cobbledick v. United States*, 309 U.S. 323 (1940); *In re April 1977 Grand Jury Subpoenas*, 584 F.2d 1366 (6th Cir. 1978) (en banc); *United States v. Wampler*, 624 F.3d 1331, 1332-33 (10th Cir. 2010); *United States v. Pace*, 201 F.3d 1116, 1118-19 (5th Cir. 2000).

Even if section 1292(b) was applicable, an interlocutory appeal would be inappropriate because, for all the reasons explained above and in the previous order, there is no "substantial ground for difference of an opinion." Defendant argues that there is substantial ground for difference of opinion because "there is no case law specifically addressing the enforceability of

agreements such as the one [at issue]." The absence of case law specifically foreclosing a novel theory does not mean there is "substantial ground for difference of an opinion" as to the viability of that theory. If that were the proper interpretation of section 1292(b), there would seemingly be no limit to a party's ability to obtain an interlocutory appeal by raising novel arguments. Where the party advancing a novel theory cannot identify any precedent remotely in support of the theory, it undermines the suggestion that the theory is viable.

Accordingly, it is **ORDERED** that Defendant's motion for reconsideration, ECF No. 77, is **DENIED**.

Dated: June 20, 2019					s/Thomas L. Ludington
							THOMAS L. LUDINGTON
							United States District Judge