# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                              Case No. 18-cr-20133

v.                                                Honorable Thomas L. Ludington

BRANDON PUTMAN,

        Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION TO STAY

On April 10, 2019, Defendant moved "for an order requiring the government's specific performance with the terms of January 22, 2019, pretrial diversion agreement." ECF No. 64. The Court denied the motion. ECF No. 75. Defendant sought reconsideration or, in the alternative, certification of the order for interlocutory appeal. ECF No. 77. The Court denied the motion. ECF No. 85. Defendant then filed a notice of interlocutory appeal. ECF No. 86. Defendant now moves for a stay pending the interlocutory appeal. ECF No. 87.

None of the authority identified by Defendant justifies the request. As Defendant noted, pursuant to Federal Rule of Appellate Procedure 8(c), "Rule 38 of the Federal Rule of Criminal Procedure governs a stay in criminal cases." Rule 38, in turn, provides for stays in limited circumstances including a death sentence, imprisonment, fine, probation, restitution, forfeiture, and employment disability arising from a conviction or sentence. Not coincidentally, all such circumstances involve a stay of enforcement of a final order. Here, by contrast, no final order has been entered.

Defendant cites *U.S. v. James* for the proposition that, pursuant to Federal Rule of Appellate Procedure 8, the district court has authority to stay matters in the district court pending

resolution of the appeal. ECF No. 87, PageID. 796 (citing See *United States v. James*, 2005 WL 8161058 at *1 (D. Ariz. March 25, 2005)). *James* is inapplicable. In *James*, the parties stipulated that the defendant was entitled to a stay as of right, because he was a juvenile seeking review of a transfer subjecting him to adult prosecution. The sole issue to be decided in that case was to what extent the court retained jurisdiction to conduct hearings on motions unrelated to the appeal. *United States v. James*, No. CR-03-900-PCT-MHM, 2005 WL 8161058, at *1 (D. Ariz. Mar. 25, 2005). Here, by contrast, the government has not stipulated that any of the issues raised in Defendant's motions entitle him to a stay as of right.

Finally, Defendant asserts, without explanation or support, that the Court's orders denying his motions for specific performance and reconsideration are "interlocutory orders . . . refusing . . . injunctions" under 28 U.S.C. 1292(a)(1). No injunction was requested or denied in this case.

As noted by the government, the rule of finality generally prohibits appeals of pretrial orders, and that rule "has particular force in criminal prosecutions because encouragement of delay is fatal to the vindication of the criminal law." *United States v. MacDonald*, 435 U.S. 850, 854 (1978). Defendant has identified no reason why that rule does not apply here.

Accordingly, it is **ORDERED** that the motion to stay, ECF No. 87, is **DENIED**.


Dated: June 21, 2019                                s/Thomas L. Ludington
                                                                   THOMAS L. LUDINGTON
                                                                   United States District Judge